# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:20-cv-00330-MR

| | | |
|---|---|---|
| JOY PONDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| CITY OF ASHEVILLE and SCOTT | ) | |
| BURNETTE, individually, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Seal. [Doc. 25].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated

by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiff's motion. The motion was filed on December 3, 2021, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Plaintiff has demonstrated that the exhibit at issue consists of municipal personnel records that North Carolina law prohibits from being publicly disclosed, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the exhibit, the Court concludes that the sealing of this

2

exhibit is narrowly tailored to serve the interest of protecting this sensitive information.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion to Seal [Doc. 25] is **GRANTED**, and Exhibit 14 to the Plaintiff's Memorandum in Opposition [Doc. 23-14] shall remain under seal until further Order of this Court.

The Clerk of Court is respectfully directed to remove all restrictions to access to Exhibits 1, 2, 5, 19, and 22 [Docs. 23-1, 23-2, 23-5, 23-19, 23-22] per the Plaintiff's request.

**IT IS SO ORDERED.**

Signed: December 7, 2021

Martin Reidinger
Chief United States District Judge

3